Leo and Elizabeth Somma, Petitioners *v.* Commonwealth of Pennsylvania, Respondent.

Argued June 5, 1979, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers, Craig and MacPhail. Judges Blatt and DiSalle did not participate.

*Kenneth E. Aaron*, with him *Davidson, Aaron & Tumini*, for petitioners.

*Vincent J. Dopko*, Deputy Attorney General, for respondent.

Opinion by President Judge Bowman, September 4, 1979:

As authorized by Section 763 of the Judicial Code, 42 Pa. C.S. §763, petitioners seek review of an order of the Board of Finance and Revenue, which sustained a Department of Revenue assessment against petitioners but in doing so declined to rule on a challenge made by petitioners to the constitutionality of Section 314(a) of the Tax Reform Code of 1971 (Code), Act of March 4, 1971, P.L. 6, *as amended*, added by Section 4 of the Act of August 31, 1971, P.L. 369, *as amended*,

334

72 P.S. §7314(a). With respect to the Pennsylvania Personal Income Tax, this section provides:

> (a) A resident taxpayer . . . shall be allowed a credit against the tax otherwise due under this article for the amount of any income tax, wage tax or tax on or measured by gross or net earned or unearned income imposed on him *by another state* with respect to income which is also subject to tax under this article.

(Emphasis added.)

Based upon a stipulation of facts filed in this de novo tax appeal, adopted as our findings of fact, it appears that petitioners in their 1975 Pennsylvania individual income tax return claimed in Schedule G a tax credit in an amount equal to the Philadelphia City Wage Tax paid to the City that year on income earned and subject to that local government tax. Because of this claimed tax credit and a credit otherwise available for withholding upon Pennsylvania Income Tax on earned wages, petitioners claimed an overpayment of 1975 Pennsylvania Income Tax of $170.00 and sought refund thereof, which was routinely refunded. Upon review of the claimed tax credit producing the overpayment and refund, the Department of Revenue sought repayment of the refund, which was refused. It then recomputed petitioners' tax liability and initiated the assessment procedure leading to this appeal. The sole issue raised in the events and administrative proceedings leading to this appeal revolves around Section 314(a) of the Code.

Violation of the uniformity of taxation clause of the Pennsylvania Constitution, Pa. Const. art. VIII, §1,[1] is the basis of petitioners' attack on Section 314

---

[1] Article VIII, Section 1, provides: "All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under the general laws."

(a). They contend that to grant Pennsylvania resident taxpayers credits against Pennsylvania personal income tax for taxes paid to other states while denying credits for taxes paid to local Pennsylvania taxing authorities, *e.g.*, the City of Philadelphia, creates unequal state tax burdens on individuals having identical incomes. Notwithstanding this frontal attack upon the constitutionality of Section 314(a) of the Code, petitioners proffer alternative solutions designed to preserve not only the tax credit it presently affords but to enlarge it to include a tax credit for Pennsylvania local government income taxes paid. To achieve this sagacious result, they first suggest that the definition of "state" found at Section 301(t) of the Code,[2] added by Section 4 of the Act of August 31, 1971, P.L. 369, *as amended*, 72 P.S. §7301(t), be stricken, which in some unspecified fashion would then permit us to find the language of Section 314(a) of the Code to afford a tax credit for local government income taxes notwithstanding the phrase "another state" remaining embedded in its language. Such drastic judicial editing of a statute in the name of preserving its constitutionality is far beyond the bounds of any known doctrine of judicial interpretation to achieve such a result. Alternately, petitioners suggest that to preserve the vitality of Section 314(a) as written, we simply judicially write into it an additional credit for local government income taxes and thereby afford to it the uniformity it now assertedly lacks. As we find Section 314(a) not to be violative of uniformity in taxation, we need not address this sagacious but equally convoluted suggestion.

---

[2] Section 301(t) provides: " 'State' means any state or commonwealth of the United States, the District of Columbia, the Commonwealth of Puerto Rico, any territory or possession of the United States and any foreign country."

Initially we note the heavy burden a taxpayer bears when contesting the constitutionality of a taxation statute. *Amidon v. Kane*, 444 Pa. 38, 51, 279 A.2d 53, 60 (1971). We also recognize that "reasonableness" is the standard by which classifications created by a taxation provision are judged and that the legislature has broad discretion in choosing acceptable categories. *Commonwealth v. Life Assurance Co. of Pennsylvania*, 419 Pa. 370, 376, 214 A.2d 209, 214 (1965). Section 314(a) explicitly distinguishes taxes paid to the Commonwealth from those paid to other "states" as that term is defined in Section 301(t). By implication, it distinguishes taxes paid to the Commonwealth from those paid to local taxing authorities regardless of geographic location. The credit toward state income tax for payment of a local tax which petitioners would have us authorize is not currently granted to any other taxpayer. Section 314(a) allows credit for state imposed taxes analogous to the Pennsylvania Income Tax; it does not recognize a credit for payment of non-Pennsylvania local authority imposed taxes comparable to the Philadelphia Wage Tax paid by petitioners. Indeed the facts presented are comparable to those in *Hanek v. Cities of Clairton*, 24 Pa. Commonwealth Ct. 69, 354 A.2d 35 (1976), in which a taxpayer sought credit for payment of a tax to the school district where he lived against a wage tax imposed by the township where he worked. There, as here, we conclude that when petitioners question the reasonableness of having to pay the sum of two taxes imposed by different authorities while others pay only one, they are not questioning the uniformity of the taxing provisions but rather the sense of fairness within the legislature which, by authorizing a local wage tax, permits the imposition of two separate and distinct taxes on one income. Two separate taxing schemes superimposed one upon the other do not

create impermissible, unconstitutional inequalities, *Puntureri v. Pittsburgh School District,* 359 Pa. 596, 60 A.2d 42 (1948); nor does recognition of credit for taxes paid to some other governmental authority, *Minich v. Sharon City,* 366 Pa. 267, 270, 77 A.2d 347, 348 (1951). We, therefore, shall affirm the order of the Board of Finance and Revenue.

ORDER

Now, September 4, 1979, the order of the Board of Finance and Revenue is affirmed. Accordingly, judgment is entered in favor of the Commonwealth and against Leo and Elizabeth Somma in the amount of $330.00 with interest with credit allowed for 1975 Pennsylvania Income Tax withheld but not for wage taxes paid to the City of Philadelphia.