John D. Dunmire and James A. Cassell, Appellants *v.* Applied Business Controls, Inc., Appellee.

Argued November 18, 1981, before President Judge CRUMLISH and Judges MACPHAIL and PALLADINO, sitting as a panel of three.

*Donald J. Martin,* for appellants.

*Falin F. Walsh,* with him, *Philip R. Detwiler,* for appellee.

Opinion by Judge MacPhail, December 30, 1981:

John Dunmire, Esquire, and James Cassel, Esquire (Petitioners) seek to appeal an order of the Court of Common Pleas of Montgomery County, Pennsylvania, which granted Applied Business Controls, Inc. (Respondent) motion for summary judgment against the Petitioners.

The Petitioners are attorneys engaged in the practice of law and are partners in a law firm which has its principal office in the Borough of Norristown, Pennsylvania, with branch offices located in the City of Philadelphia and the Borough of Jenkintown. The Respondent is the local tax collector of earned income taxes for the Borough of Norristown, the Norristown Area School District and the Township of East Norriton.

The Respondent, plaintiff below, commenced two actions in assumpsit for the collection of taxes alleg-

edly due and owing by the Petitioners, defendants below. The Respondent prevailed before the district justice in both actions. The Petitioners appealed to the Court of Common Pleas where their cases were consolidated. Based on the facts to which the parties stipulated, cross motions for summary judgment were filed. The motion was granted as to the Respondent and denied as to the Petitioners.

The relevant facts to which the parties stipulated follow: The Borough of Norristown imposes a one per cent earned income tax on both residents and non-residents working within its territorial limits. The Norristown Area School District imposes a one per cent earned income tax on residents living within that school district and the Township of East Norriton imposes a one per cent earned income tax on all residents of the township.[1]

It is not disputed that Petitioners Dunmire and Cassel were proper objects of the taxes imposed. Petitioner Dunmire, although not a resident of the Borough of Norristown, or the Norristown Area School District, was working within the Borough of Norristown and therefore subject to being taxed. Petitioner Cassel was both a resident of the Township of East Norriton and the Norristown Area School District and therefore subject to pay earned income taxes to those political subdivisions.

Petitioner Dunmire filed earned income tax returns for the years 1974, 1975, 1976, 1977 and 1978. Petitioner Cassel filed earned income tax returns for the years 1976, 1977 and 1978. Both Petitioners paid the earned income tax as each of them calculated it to be due for each year in question. On every return, the Petitioners claimed a *credit* for their respective shares of the City

---

[1] The authority to impose such taxes is derived from the Local Tax Enabling Act, Act of December 31, 1965, P.L. 1257, §2, *as amended*, 53 P.S. §6902.

of Philadelphia's net profit tax paid by the law firm of which both Petitioners are partners. This credit as provided by Section 14 of the Local Tax Enabling Act, Act of December 31, 1965, P.L. 1257, §14, *as amended,* 53 P.S. §6914 (Act) states:

> Payment of any tax to any political subdivision pursuant to an ordinance or resolution passed or adopted prior to the effective date of this Act *shall be credited to and allowed as a deduction from the liability of taxpayers for any like tax* respectively on salaries, wages, commissions, other compensation or on net profits of businesses, professions or other activities and for any other income tax imposed by any other political subdivision of this Commonwealth under the authority of this Act. (Emphasis added.)

The central issue in this case involves the difference between Petitioners' and Respondent's methods of calculating the tax credit provided for by Section 14 in the computation of their respective earned income taxes for the years in question.

As stipulated, the Petitioners' method of computing the allowed tax credit is as follows: Petitioners' total net earnings were multiplied by the 1% earned income tax rate to determine the gross earned income tax; from that gross earned income tax they subtracted the amount of the Philadelphia net profits tax paid by them during the tax year to determine the net amount of earned income tax due. To avoid a double deduction, the Petitioners, in initially reporting their total net earnings, added back their share of the Philadelphia net profits tax paid during the partnership's applicable fiscal year which would otherwise have reduced their net earnings.

The method of computation used by the Respondent, also stipulated is as follows: Respondent used the share paid by the partners of Petitioners' law firm

of Philadelphia net profits tax for the year in question and divided that by .043125 (the Philadelphia net profits tax rate). The amount so determined is then subtracted from Defendant's total net earnings and the result is multiplied by the Respondent's total net earnings and the result is multiplied by the 1% earned income tax rate to determine the earned income tax due.

Stated differently, the Petitioners contend the Philadelphia net profits tax paid by them should be *deducted* from the *tax due* the Respondent, while the Respondent argues the Philadelphia tax should be deducted from the Petitioners' *tax base.*

Whether the taxpayers, or the taxing authority's method of calculation is correct depends on the proper interpretation of the tax credit provided for in Section 14 of the Act. The trial court in granting Respondent's motion for summary judgment agreed that the taxing authority's method of calculation was proper. With this conclusion we cannot agree and therefore must reverse the Court below.

A tax credit is commonly accepted to mean a direct reduction against the liability for tax owed. *See Somma v. Commonwealth,* 45 Pa. Commonwealth Ct. 332, 405 A.2d 1323 (1979) ; *Hanek v. Cities of Clairton,* 24 Pa. Commonwealth Ct. 69, 354 A.2d 35 (1976). As defined in Black's Law Dictionary 1310 (5th ed. 1979), a tax credit is a "[t]ype of offset in which the taxpayer is allowed a *deduction from his tax* for other taxes paid. A credit differs from a *deduction* to the extent that the former is subtracted from the tax while the latter is *subtracted from income before the tax* is computed." (Emphasis added.)

In this case, it is evident that the Respondent, that is, the taxing authority, has misinterpreted Section 14 of the Local Tax Enabling Act. It has read that sec-

tion to provide for a tax "deduction" when it provides for a "tax credit." The statute is plain and clearly defined.

Payment of any tax to any political subdivision pursuant to an ordinance or resolution passed or adopted prior to the effective date of this Act *shall be credited to and allowed as a deduction from the liability of taxpayers for any like tax.* ... (Emphasis added.)

"If the words of a statute or ordinance are clear, the letter thereof will not be disregarded under the pretext of pursuing an unstated legislative intent." *City of Pittsburgh v. Royston Service, Inc.,* 37 Pa. Commonwealth Ct. 394, 399, 390 A.2d 896, 898 (1978).

In the Pennsylvania State Income Tax Act, Act of July 12, 1935, P.L. 970, 72 P.S. §3402-1 to 802, and particularly in Sections 307 to 310, it is clear the Legislature of this Commonwealth understands the difference between a tax credit and a deduction. Sections 307 and 308 list general deductions which are allowed a taxpayer in computing his *net income,* while Section 310 provides for a tax credit for one, other than a resident, saying "the department shall *credit* the amount of income *tax payable by him* to the state, county or city where he resides as the income subject to taxation under this act bears to his entire income upon which the tax so payable to such other state, county or city was imposed. . . ." (Emphasis added.)

Since the Legislature obviously recognizes the difference between a tax credit and a deduction, it must be assumed that they would have used deduction language if it was their intention that the tax paid to one taxing authority should be deducted from the taxpayer's base in determining his tax liability to another taxing authority. Here, however, the Legislature said plainly that a tax paid to one taxing authority should be *credited* to the tax *liability* to the other taxing au-

thority. The words "deducted from" merely clarify the meaning of "credited."

The precursor of the Local Tax Enabling Act, the Act of June 25, 1947, P.L. 1145, 53 P.S. §2015.1, used the exact "credit" language which now appears in Section 14 of the present Act. Although no case has been found interpreting the language of Section 14 of the present Act, the Supreme Court of Pennsylvania has defined the meaning of the identical language used in the Act of June 25, 1947. In *Minich v. City of Sharon,* 366 Pa. 267, 269, 270, 77 A.2d 347, 348, appeal dismissed 341 U.S. 945 (1951) the Court stated:

> This section of the Act was construed by the Superior Court in Glen Alden Coal Company v. Thomas, 165 Pa. Superior Ct. 199, 67 A.2d 754 [1949] as meaning that a taxpayer may *credit any wage tax paid by him* to the borough or school district of his residence *against any tax levied* by a municipality of which he is not a resident but in which his wages are earned, but may not assert such *a credit against a tax* levied by another political subdivision of which he is also a resident. As applied to the present situation, therefore, it is clear that the City of Sharon must allow a credit as against its 10 mills tax to any non-resident paying a tax on the same wages to another political subdivision of which the taxpayer is a resident. (Emphasis added.)

It is clear from this analysis also, that a tax credit is a direct reduction from the liability for tax owed. Even Respondent's own tax return forms provide that credits are subtracted from the tax due and owing to determine the proper adjusted tax payment due. Consequently, we reverse the lower Court and hold that the Petitioners have accurately calculated the taxes paid to Respondent.

486

### ORDER

AND Now, this 30th day of December, 1981 the order of the Court of Common Pleas of Montgomery County, dated September 8, 1980, is hereby reversed and the case is remanded for the entry of judgment in favor of the Petitioners, John D. Dunmire and James A. Cassel, and against the Respondent, Applied Business Controls, Inc.