## Towle v. Bethel Park Borough

*Michael J. Seymour*, for plaintiff.
*David F. Towle*, for defendant.
*Ronald N. Crouch*, for intervenor.

FINKELHOR, *J.*, February 19, 1986 — The above declaratory judgment action is before the court on cross motions for summary judgment filed on behalf of defendant municipality and intervenor school district. The case concerns an interpretation of the "credit" provisions of the Local Tax Enabling Act, 53 P.S. §6901 et seq. (Purdon's 1972 and Supp. 1984) (LTEA).

The issue is whether plaintiff is entitled to claim a dollar-for-dollar credit on taxes paid on income from sources outside Pennsylvania or whether such credit is limited to the amount of tax that would have been paid on the same income had it been earned in Pennsylvania.

The parties have stipulated to the relevant facts. Plaintiff, a resident of Bethel Park borough, is a partner in the accounting firm of Deloitte, Haskin and Sells. The firm paid taxes on earned income to jurisdictions outside the commonwealth and including other states and foreign jurisdictions. Deloitte then allocated a portion of said tax to each

of its partners. Both Bethel Park and the Bethel Park School District impose an earned income tax.

In 1982, plaintiff earned a total of $72,865.73, of which $26,658.55 was attributed to him as "foreign" income. The partnership allocated to him $1,520.24 in taxes paid on this foreign income. The plaintiff then applied $516.95 of this payment against his Pennsylvania state income tax[1] and left a balance of $1,329.

Plaintiff then attempted to apply said balance against his local tax liability which, for 1982, totaled $874.39, of which $510.06 was owed to defendant municipality and $364.33 to the intervenor school district. The municipality and the school district denied the credit claimed and this suit was instituted.

## POSITION OF THE PARTIES

It is plaintiff's position that the Local Tax Enabling Act grants unlimited foreign tax credits for the concurrent tax period, subject only to a deduction for Pennsylvania income tax credits, used or available, and that there is no tax liability to the municipality and school district.

It is defendants' position that, using the LTEA limit and assuming, for the purposes of argument, that the reciprocity requirements are met, plaintiff's foreign tax credit would be limited to a maximum of $166.26. Plaintiff would have a remaining liability of $708.13 to defendants.

## DISCUSSION

Section 14 of the Local Tax Enabling Act, 53 P.S. §6914 (Purdon Supp. 1985), provides for a credit or

---

1. The commonwealth is not a party to this case and, accordingly, there is no dispute concerning the propriety of this credit.

deduction for taxes paid to other political subdivisions and states, in relevant part, as follows:

"Payment of any tax on income to any state other than Pennsylvania or to any political subdivision located outside the boundaries of this commonwealth, by residents of a political subdivision located in Pennsylvania shall, to the extent that such in come includes salaries, wages, commissions, or other compensation or net profits of businesses, professions or other activities but in such proportions as hereinafter set forth, *be credited to and allowed as a deduction from the liability of such person* for any other tax on salaries, wages, commissions, other compensation or net profits of businesses, professions or other activities imposed by any political subdivision of this commonwealth under the authority of this act.

"Where a credit or a deduction is allowable . . . it shall be allowed in proportion to the concurrent periods for which taxes are imposed by the other state or respective political subdivisions, *but not in excess of the amount previously paid for a concurrent period.*" (emphasis added).

A tax credit is defined as a direct reduction of tax liability and is therefore subtracted directly from the tax otherwise due to the taxing authority. *Dunmire v. Applied Business Controls Inc.*, 63 Pa. Commw. 479, 440 A.2d 638 (1981). This, in plaintiff's view, means that he should be able to subtract his unused tax credit of $1,003.29 directly from his total local tax liability of $874.39 and owe nothing to the local taxing authorities.

The general purpose of section 6914 and other credit provisions in section 14 of LTEA is to subject every taxpayer to an income tax levied by one, and only one, political entity. *Stahl v. Forks Twp.*, 65

D.&C.2d 398 (1974). Although it is not, strictly speaking, double taxation for two political subdivisions to tax the same income, the credit provisions must be consistent with the general rule that taxing statutes are to be construed to avoid double taxation. See *Estate of Rose,* 465 Pa. 53, 348 A.2d 113 (1975); *City of Pittsburgh v. Ivy School of Professional Art,* 37 Pa. Commw. 406, 390 A.2d 893 (1978).

The difficulty with plaintiff's point of view is that plaintiff does not consider the general purposes of section 14 which was not intended to favor persons earning income both inside and outside of Pennsylvania. Rather, it was to provide some relief for persons whose income might otherwise be subject to tax at a higher rate than the income earned from sources inside the commonwealth.

If the court were to accept plaintiff's view of his liability, plaintiff would pay no local taxes on the $46,296.78 of income earned in Pennsylvania which has not been exposed to any similar tax. The court concludes that plaintiff's interpretation is not an appropriate reading of the statutory language.

Based upon the above discussion, we find in favor of defendants in these proceedings.

## CONCLUSIONS

Based on the above discussion, the court rules as follows on the issues submitted by the parties:

(1) The Local Tax Enabling Act governs these proceedings and either credit or deductions are governed by said statute.

(2) The credit provisions of the LTEA limit the credit for taxes paid to foreign states to the maximum tax payable to the Pennsylvania political subdivision on that portion of the taxpayer's income which was subject to taxation by the foreign state.

(3) Based upon the stipulated facts, the maximum amount available for credit by plaintiff is $166.26.

(4) Based upon the stipulated facts, plaintiff has a tax liability of $708.13 to defendants municipality and school district.

(5) The word "state" as set forth in section 14 has been interpreted to be limited to the United States. *O'Reilly v. Fox Chapel School District*, C.P. No. GD 84-4673 (Opinion, Wekselman, J., filed May 29, 1985).

An appropriate order is attached hereto.

## ORDER

And now, this February 19, 1986, upon the cross motions for summary judgment filed by plaintiff and defendants to this motion for declaratory judgment, it is hereby ordered, adjudged and decreed that plaintiff's motion is denied and defendants' motion is sustained.