In Re: The ESTATE OF Helen H. BERRY, Deceased Late of Venango County, Pennsylvania, Appellant.

Commonwealth Court of Pennsylvania.

Argued Feb. 6, 2007.
Decided April 24, 2007.

---

Bruce T. Rosen, Oil City, for appellant.

Thomas J. Gohsler, Harrisburg, for appellee, Department of Revenue.

BEFORE: LEADBETTER, President Judge, SMITH–RIBNER, Judge, FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

The Estate of Helen H. Berry (Estate) appeals from an order of the Orphan's Court of Venango County (trial court) that affirmed a decision and order of the Department of Revenue (Department) Board of Appeals which disallowed a valuation discount taken by Estate for Estate's HJL Limited Family Partnership. We affirm.

HJL Family Limited Partnership (HJL) was formed January 30, 1998, when Helen H. Berry (Decedent) contributed $6,783,593.00 in cash and marketable securities in return for a one percent general partnership interest and a 97 percent limited partnership interest. On June 12, 1998, Decedent transferred the assets into a revocable trust, for which she was the sole trustee. Under the terms of the trust, she was to receive as much of the income of the trust as she directed and, in addition, could withdraw all or any part of the income and principal at any time. In 1999, Decedent withdrew cash and gifted a fifteen percent limited partnership interest to each of her two children. Decedent made substantial cash withdrawals in each of the next three years and in 2003 also made thirty-three cash gifts of $10,000 each.

Decedent died testate March 30, 2003. Her Last Will and Testament was probated in the Court of Common Pleas of Venango County, Pennsylvania, Orphans' Court Division. Letters Testamentary were issued to James D. Berry, III, and Linda B. Steinbuhler, the children of Decedent. The Estate's executors filed both a Federal Estate Tax Return (Form 706) and a Pennsylvania Inheritance Tax Return (Form 1500). Attached to Form 1500 filed with the Department was the HJL Family Limited Partnership Agreement.

The Internal Revenue Service accepted the Federal Estate Tax return as submitted by the executors and allowed a thirty-three percent discount on the value of HJL for lack of control and marketability. The Department disallowed such a discount. The I.R.S. accepted the discounted value of Decedent's interest in the family partnership to be $1,929,000. The Depart-

ment, in a Notice of Appraisement, disallowed a discount of $32,000 for the general partnership interest owned by Decedent and $474,256 for her interest in the limited partnership.

■ The Estate appealed the Notice of Appraisement to the Board of Appeals, which issued a decision and order dated February 3, 2006, upholding the Department's Notice. The Estate appealed from that decision to the Venango County Orphans' Court, which found that HJL did not operate as a legitimate business enterprise and refused to reverse the Board. An appeal to this Court followed.[1]

The Estate raises two issues for our review: whether the HJL serves a legitimate business purpose and whether the trial court erred in refusing to reverse the Board's decision to disallow a valuation discount for lack of marketability and lack of control where the Internal Revenue Service permitted such a discount. The Department argues that the Estate failed to produce evidence supporting its claim that HJL was a legitimate business enterprise, rather than merely a tax-avoidance mechanism.

The amount of discount is not in dispute here. Rather, the parties contest whether or not any discount should have been allowed at all. The Board, affirmed by the trial court, found that, given the nature of the partnership, its members, and its assets, the Estate failed to demonstrate that a partner, not compelled to sell, would have disposed of his interest at a discount.

Both parties agree that there are no Pennsylvania Department of Revenue regulations pertaining to family limited partnerships and that, typically, the Department uses criteria that mirror those of the

Internal Revenue Service where there is no applicable state regulation. Section 2121 of the Pennsylvania Inheritance and Estate Tax Act (Act), for example, states, in pertinent part:

Valuation

\* \* \*

(b) The value of a life interest shall be determined in accordance with rules and regulations promulgated by the department. *Until the promulgation of rules and regulations to the contrary, the regulations in effect for Federal estate tax purposes shall apply.*

72 P.S. § 9121 (emphasis added). Both parties rely on Federal law in making their arguments.

■ The Estate argues that the fact that the I.R.S. allowed the discount is dispositive. This does not necessarily follow. That the same regulations which the I.R.S. followed in making its determination are applicable here is not in dispute. The conclusion that the I.R.S. reached, however, basing itself on those regulations, is binding neither upon the Board nor upon this Court. Rather, Section 2137 of the Act states, *"The Department shall have* supervision over, and make or cause to be made fair and conscionable appraisements of property...." 72 P.S. § 9137 (emphasis added). There is no statutory or common-law authority for the proposition that the Department or this Court is bound by an assessment of the I.R.S. when considering the correct assessment of Pennsylvania inheritance tax. This Court must determine if the Board's finding that HJL serves no legitimate business purpose is supported by record evidence and if its decision to disallow any discount for lack

---

1. On appeal from an order of the orphans' court, this Court's scope of review is limited to determining whether the record is free from legal error and whether the court's fac-

tual findings are supported by the evidence. *Estate of Kinert v. Department of Revenue,* 693 A.2d 643, 645 (Pa.Cmwlth.1997).

of control and marketability is free from legal error.

The Act contains no provision that specifically restricts the allowance of discounts, but the Internal Revenue Code provides that, as a general rule,

[t]he value of the gross estate shall include the value of all property to the extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bona fide sale for an adequate and full consideration in money or money's worth), by trust or otherwise, under which he has retained for his life ... or for any period which does not in fact end before his death ... the possession or enjoyment of, or the right to the income from, the property....

26 U.S.C. § 2036. Here, Decedent retained both the possession of, and the right to income from, the assets of the HJL trust. The value of HJL's assets, then, must be included in the value of the gross estate, unless Decedent's transfer of those assets to HJL was a bona fide sale for adequate consideration.

■ It is established federal case law that a decedent's *inter vivos* transfer of assets to a family limited partnership is not a transfer of assets or bona fide sale, as would warrant the exclusion of the assets from decedent's gross estate for estate tax purposes, if the partnership does not engage in "any valid, functioning business enterprise." *Estate of Thompson v. Commissioner of Internal Revenue*, 382 F.3d 367, 379 (3rd Cir., 2004). In that case, the Third Circuit considered the facts that the primary purpose of forming the partnership was not to engage in business, that the partnership did not engage in business transactions with anyone outside the family, and that the decedent received no benefits from the transfer of assets to the partnership other than favorable tax treatment. *Id.* at 379–80. Further, the decedent continued, after the transfer of assets to the partnership, "to be the principal economic beneficiary of the contributed property." Id. at 376.

■■ The taxpayer bears the burden of proving an improper assessment. *Estate of Neiderhiser*, 850 A.2d 68, 70 (Pa. Cmwlth.2004). James Vincent, Decedent's family's certified public accountant, testified as to the purposes of HJL. According to Vincent, HJL, by virtue of being a family limited partnership, shielded assets from liability, preserved Decedent's estate, and saved tax dollars. The HJL Partnership Agreement, in its statement of purpose, is in accordance with Vincent's testimony. There is no evidence that the primary purpose of HJL was to engage in business. Testimony indicates that the only activity of the partnership was the sale of stocks to fund Decedent's distribution of the partnership's assets, and the expenses incident thereto. Decedent here, as in *Thompson*, remained the principal economic beneficiary of her contributed property, withdrawing cash from the partnership for personal use and for the bestowal of gifts.

There is sufficient record evidence to support the trial court's factual findings that HJL did not operate as a legitimate business enterprise. The trial court did not err as a matter of law in affirming the Board.

For these reasons, we AFFIRM.

### ORDER

AND NOW, this 24th day of April, 2007, the order of the Orphan's Court of Venango County, in the above captioned matter, is AFFIRMED.