82 A.3d 405

**BERKS COUNTY TAX COLLECTION COMMITTEE, Bucks County Tax Collection Committee, Chester County Tax Collection Committee, Lancaster County Tax Collection Committee, Montgomery County Tax Collection Committee, Appellants**

v.

**The PENNSYLVANIA DEPARTMENT OF COMMUNITY AND ECONOMIC DEVELOPMENT, Commonwealth of Pennsylvania, Appellee.**

Supreme Court of Pennsylvania.

Nov. 21, 2013.

## *ORDER*

PER CURIAM.

**AND NOW,** this 21st day of November, 2013, the order of the Commonwealth Court is hereby **AFFIRMED.**

Justice SAYLOR files a dissenting statement.

Justice SAYLOR, dissenting.

I agree with Appellants' and their *amici's* position that a construction of Section 317 of the Local Tax Enabling Act, 53 P.S. § 6924.317, yielding a "super credit" for earned income tax paid to Philadelphia, and thereby prejudicing the ability of other local governments to assess income earned within their own borders to the degree they maintain tax rates lower than Philadelphia's, is unsustainable.

In this regard, I would credit the arguments that: the Commonwealth Court erred in relying on *Dunmire v. Applied Business Controls Inc.,* 63 Pa.Cmwlth. 479, 440 A.2d 638 (1981), to reject legal arguments—including several with constitutional dimensions—which simply were not before the court in that case; the super-credit construction requires other taxpayers, who also reside in municipalities and school districts outside Philadelphia, to bear a disproportionate tax burden in supporting their school districts and municipalities of residence; and such a construction of Section 317 is too greatly in tension with the constitutional uniformity norm and Article VIII, Section 5's limitation on the General Assembly's power to implement tax exemptions to be sustained. *See* 1 Pa.C.S. § 1922(3) (prescribing the presumption, in statutory construction, that the Legislature did not intend to violate constitutional norms).

Accordingly, I agree with Appellants and their *amici* that the application of conventional apportionment methodology—and not the imposition of a "super credit"—is the appropriate approach to the Section 317 offset.