IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Estate of William Theodore : 
Woolslare, Deceased : 
                              :   No. 1100 C.D. 2015
Appeal of: Alan F. Woolslare      :   Submitted: November 25, 2015

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE MARY HANNAH LEAVITT, Judge[1]
                HONORABLE ANNE E. COVEY, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE LEAVITT                                  FILED: February 19, 2016

        The Estate of William Theodore Woolslare (Decedent), by its Executor Alan F. Woolslare, *pro se*, appeals an order of the Court of Common Pleas of Allegheny County, Orphans' Court Division (orphans' court),[2] denying Executor's challenge to Pennsylvania's imposition of an inheritance tax upon the Estate's Individual Retirement Accounts (IRAs). Executor argues that the orphans' court erred. He contends that under the applicable statute the IRAs were exempt from inheritance tax because they were not subject to federal estate tax. Discerning no merit to this construction of the statue, we affirm.

        Decedent died in 2013. On September 23, 2014, Executor filed a Pennsylvania Inheritance Tax return, listing four IRAs valued at $253,640.78 as

---

[1] This case was assigned to the opinion writer before January 4, 2016, when Judge Leavitt became President Judge.

[2] Executor has filed all pleadings "*pro se*." The Orphans' Court noted that Executor is a currently licensed Pennsylvania attorney.

exempt from taxation under the Inheritance and Estate Tax Act (Tax Act).[3] Specifically, Executor pointed to Section 2111(r) of the Tax Act,[4] which states as follows:

> Payments under pension, stock bonus, profit-sharing and other retirement plans, including H.R.10 plans, *individual retirement accounts*, individual retirement annuities and individual retirement bonds to distributees designated by the decedent or designated in accordance with the terms of the plan, *are exempt from inheritance tax to the extent that the decedent before his death did not otherwise have the right to possess (including proprietary rights at termination of employment), enjoy, assign or anticipate the payment made. In addition to this exemption, whether or not the decedent possessed any of these rights, the payments are exempt from inheritance tax to the same extent that they are exempt from Federal estate tax under the provisions of the Internal Revenue Code of 1986* (Public Law 99-514, 26 U.S.C. § 1 et seq.), as amended, any supplement to the code or any similar provision in effect from time to time for Federal estate tax purposes, except that a payment which would otherwise be exempt for Federal estate tax purposes if it had not been made in a lump-sum or other nonexempt form of payment shall be exempt from inheritance tax even though paid in a lump-sum or other form of payment. The proceeds of life insurance otherwise exempt under subsection (d) shall not be subject to inheritance tax because they are paid under a pension, stock bonus, profit-sharing, H.R.10 or other retirement plan.

72 P.S. §9111(r) (emphasis added). In sum, Section 2111(r) provides an exemption in two circumstances: (1) where the holder of the IRA died prior to enjoying "the right to possess … enjoy, assign or anticipate the payment made"

---

[3] Act of March 4, 1971, P.L. 6, *as amended*, 72 P.S. §§9101-9196.

[4] Added by Section 36 of the Act of August 4, 1991, P.L. 97, 72 P.S. §9111(r).

therefrom or (2) where an IRA is "exempt from Federal estate tax."[5]  Because the Estate did not owe federal estate tax on the IRAs, the Estate's Inheritance Tax return did not include the IRAs as taxable assets.

In response, the Department issued a "Notice of Inheritance Tax Appraisement, Allowance or Disallowance of Deductions and Assessment of Tax," concluding that the Estate's IRAs were taxable because "[D]ecedent was over the age of 59½."  Reproduced Record at 10a-12a (R.R. __).  The Notice listed the net value of the Estate subject to tax at $402,565.19, resulting in a total tax liability of $20,835.78, which the Estate paid.

The Executor then appealed to the orphans' court, claiming that the Estate was owed a refund of $10,843.14 because the IRAs were exempt from Pennsylvania inheritance tax.  He relied upon Section 2010(a)-(c) of the Internal Revenue Code, which exempts estates smaller than $5,000,000, from federal taxation.[6]  Under the statute's scheduled adjustment for 2013, an estate of

_____

[5] Decedent was 89 years old at the time of his death and had taken distributions from the IRAs. Thus, the first exception is not applicable.

[6] It provides:

> (a)   General rule.--A credit of the applicable credit amount shall be allowed to the estate of every decedent against the tax imposed by section 2001.
>
> (b)   Adjustment to credit for certain gifts made before 1977.--The amount of the credit allowable under subsection (a) shall be reduced by an amount equal to 20 percent of the aggregate amount allowed as a specific exemption under section 2521 (as in effect before its repeal by the Tax Reform Act of 1976) with respect to gifts made by the decedent after September 8, 1976.
>
> (c)   Applicable credit amount.—
>
>> (1)   In general.--For purposes of this section, the applicable credit amount is the amount of the tentative tax which would be determined under section 2001(c) if the amount with respect to which such tentative tax is to be computed were equal to the applicable exclusion amount.

**(Footnote continued on the next page . . .)**

$5,250,000 is entitled to an "applicable credit amount" equaling $2,045,800.[7] Because the Estate's assets totaled $501,086.11, far less than the applicable credit amount, the Estate was entirely exempt from federal taxation. Section 2111(r) of the Tax Act states that IRAs are "exempt from inheritance tax to the same extent

---

**(continued . . .)**

(2) Applicable exclusion amount.--For purposes of this subsection, the applicable exclusion amount is the sum of—

(A) the basic exclusion amount, and

(B) in the case of a surviving spouse, the deceased spousal unused exclusion amount.

(3) Basic exclusion amount.—

(A) In general.--For purposes of this subsection, the basic exclusion amount is $5,000,000.

(B) Inflation adjustment.--In the case of any decedent dying in a calendar year after 2011, the dollar amount in subparagraph (A) shall be increased by an amount equal to-

(i) such dollar amount, multiplied by

(ii) the cost-of-living adjustment determined under section 1(f)(3) for such calendar year by substituting "calendar year 2010" for "calendar year 1992" in subparagraph (B) thereof.

If any amount as adjusted under the preceding sentence is not a multiple of $10,000, such amount shall be rounded to the nearest multiple of $10,000.

26 U.S.C. §2010(a)-(c).

[7] The Department agrees with Executor's calculation of the "basic exclusion amount" and the "applicable credit amount." Department Brief at 8.

they are exempt from Federal estate tax…." 72 P.S. §9111(r). The Estate claimed it did not owe an inheritance tax on the IRAs.

The orphans' court set a briefing schedule and held oral argument. On May 24, 2015, it dismissed the Estate's appeal of the tax imposed by Pennsylvania. The Estate appealed to this Court.[8]

Executor raises one issue for our review. He contends that a plain reading of Section 2111(r) of the Tax Act establishes that IRAs are exempt from Pennsylvania's inheritance tax to the same extent they are exempt from federal estate tax. Because the Estate's federal estate tax liability was zero, the Estate's IRAs were exempt from federal estate tax. Likewise, the Estate's IRAs are exempt from the Pennsylvania inheritance tax.

The Department counters that the federal estate tax is imposed "on the transfer of the taxable estate of every decedent who is a citizen or resident of the United States." 26 U.S.C. §2001(a). The "value of the taxable estate [set forth in Section 2001 is] determined by deducting from the value of the gross estate the deductions provided for in this part." 26 U.S.C. §2051. The "gross estate" of a decedent is "determined by including to the extent provided for in this part, the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated." 26 U.S.C. §2031(a). Therefore, the IRAs would be included in the calculation of Decedent's gross estate for federal estate tax purposes.

---

[8] Our review of an order of the orphans' court determines whether legal error occurred and whether the factual findings are supported by the evidence. *In re Estate of Berry*, 921 A.2d 1261, 1263 n.1 (Pa. Cmwlth. 2007).

Although the IRAs are part of the federal taxable estate, the Estate did not owe a tax because of the "[u]nified credit against estate tax," set forth in Section 2010 of the Internal Revenue Code, 26 U.S.C. §2010. Section 2010 creates a "basic exclusion amount" of $5,250,000 and an "applicable credit amount" of $2,045,800. Accordingly, for federal estate tax purposes, the Estate was valued at approximately $400,000, which was offset by the unified credit. This resulted in a federal tax liability of zero. However, a tax credit is not the same as a tax exemption.

The Department contends that the Executor mischaracterizes the "basic exclusion amount" as an exemption from the federal estate tax. It is not an exemption but, rather, a deduction, *i.e.*, a means used to calculate the applicable credit amount. But for the credit, the federal estate tax would be owing.

The Department relies upon *Estate of Stettler v. Department of Revenue*, 600 A.2d 234 (Pa. Cmwlth. 1991), where this Court, affirming on the basis of the orphans' court's opinion, established the difference between a tax exemption and a tax deduction. In *Estate of Stettler*, the executor claimed that the decedent's employee stock option plan was exempt from the federal estate tax under the marital deduction provision, which allows a deduction in "the value of any interest in property which passes or has passed from the decedent to his surviving spouse." 26 U.S.C. §2056(a). On this basis, the estate contended that the stock option plan was not subject to Pennsylvania's inheritance tax. The orphans' court rejected this argument.

The orphans' court explained that a deduction "refers to the amount subtracted from the gross estate to arrive at the net estate for tax purposes, the net estate being the part of the estate remaining after payment of charges against the

6

entire estate." *Stettler*, 600 A.2d at 236-37 (quoting trial court opinion). By contrast, an exemption relieves "certain classes of property from liability to taxation." *Id*. (quoting trial court opinion). The difference was more fully explained as follows:

> Exempt property is therefore excluded from taxation and need not be identified since disclosure provides no additional information. On the other hand, something which is deductible must be disclosed so that, if appropriate, it can be subtracted from the balance of the gross estate in order to arrive at a figure which represents the net estate. Exempt property, therefore, is not included in the decedent's gross estate, for exemptions are excluded from the valuation of the gross estate. Deductions, on the other hand, are subtracted from the value of the gross estate, which gross estate valuation necessarily includes the property subsequently deducted in order to arrive at the valuation of the net estate.

*Id*. (quoting orphans' court opinion).

Here, the orphans' court explained that "[t]he fact that the Decedent's estate did not have to actually [pay] any Federal Estate Tax does not equate to the estate being exempt from Federal Estate Tax." PA. R.A.P. 1925(a) Op. at 4; R.R. 116a. The Decedent did not have federal estate tax liability on any assets, including the IRAs, because the "unified credit" extinguished the tax liability. Stated otherwise, the IRAs were not types of assets that were exempt from the federal estate tax. The orphans' court held that this rendered Section 2111(r) not applicable.

It is the taxpayer that bears the burden of proving an improper assessment. *In re Estate of Berry*, 921 A.2d at 1264. Executor contends that because the Estate did not owe any federal estate tax on the IRAs, they are exempt under Section 2111(r) of the Tax Act. As found by the orphans' court, the Estate's

7

IRAs were assets fully taxable as part of Decedent's gross estate. 26 U.S.C. §2031. It was the "unified credit against estate tax" that extinguished the Estate's federal estate tax liability. 26 U.S.C. §2010.

An exemption means that the property is excluded from taxation, and its value need not be identified in a tax filing. The Estate's IRAs do not meet this definition. Their actual value had to be identified because they were taxable assets. Had the value of the Estate's IRAs exceeded the amount of the federal credit, they would have had a federal estate tax liability.

This Court has held that a tax credit is not a tax exemption. We explained the difference as follows:

> A tax credit is commonly accepted to mean a direct reduction against the liability for tax owed. See *Somma v. Commonwealth*, 45 Pa. Commonwealth Ct. 332, 405 A.2d 1323 (1979); *Hanek v. Cities of Clairton*, 24 Pa. Commonwealth Ct. 69, 354 A.2d 35 (1976). As defined in Black's Law Dictionary 1310 (5th ed. 1979), a tax credit is a "(t)ype of offset in which the taxpayer is allowed a deduction from his tax for other taxes paid. A credit differs from a deduction to the extent that the former is subtracted from the tax while the latter is subtracted from income before the tax is computed."

*Dunmire v. Applied Business Controls, Inc.*, 440 A.2d 639, 640 (Pa. Cmwlth. 1981). A tax credit is a reduction of tax liability.[9]

---

[9] Under federal law, the Tax Court has construed the unified credit in 26 U.S.C. §2010 to create an exemption. *See Van Alen v. Commissioner*, T.C. Memo. 106 T.C.M. (CCH) 427, 2 n.8 (stating that "[t]he unified credit exempts a minimum amount of accumulated wealth from estate tax."). Nevertheless, under Pennsylvania jurisprudence, upon which we rely in the matter *sub judice*, the "unified credit" in 26 U.S.C. §2010 is a credit and not an exemption.

Moreover, were this Court to consider the federal "unified credit" an exemption, we would find in favor of the Department. Section 2111(r) exempts the payments from IRAs "to the same extent that *they* are exempt from Federal estate tax." 72 P.S. §9111(r) (emphasis added). **(Footnote continued on the next page . . .)**

8

The Estate did not pay federal estate tax on the IRAs, not because they were an asset that is exempt from federal estate tax, but because their value did not exceed the unified credit. Therefore, the Estate's IRAs are not exempt from Pennsylvania's inheritance tax under Section 2111(r) of the Tax Act, 72 P.S. § 9111(r).

For the above-stated reasons, we affirm the orphans' court.

_____
MARY HANNAH LEAVITT, Judge

---

**(continued . . .)**
Stated otherwise, Section 2111(r) limits the available exemption to federal exemptions specifically targeting IRAs, as opposed to other assets, and there is no specific exemption from the Inheritance and Estate Tax in the Internal Revenue Code. For this reason, the Estate cannot shelter the IRAs under Section 2111(r) of the Tax Act, 72 P.S. §9111(r).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Estate of William Theodore  :
Woolslare, Deceased  :
    :  No. 1100 C.D. 2015
Appeal of: Alan F. Woolslare  :

## **O R D E R**

AND NOW, this 19th day of February, 2016, the order of the Court of Common Pleas of Allegheny County, Orphans' Court Division, dated May 27, 2015, is hereby AFFIRMED.

_____
MARY HANNAH LEAVITT, Judge